OPINION
In June 1996, defendant-appellant, Chester A. Combs, was indicted on one count each of aggravated burglary and criminal damaging. In October 1996, appellant pleaded guilty to aggravated burglary and the state agreed to dismiss the remaining charge. On December 16, 1996, appellant was sentenced to a prison term of five to twenty-five years. A year later, appellant filed a "motion to resentence and/or judicial release" seeking the modification of his sentence to conform to the provisions of Am.Sub.S.B. No. 2 ("Senate Bill 2"), effective July 1, 1996. The trial court denied appellant's motion.
Appellant presents three assignments of error. The gravaman of appellant's various arguments is that the trial court erred in failing to sentence appellant pursuant to the provisions of Senate Bill 2 because he was not sentenced for his offense until after the effective date of Senate Bill 2. This court has held that individuals sentenced after Senate Bill 2's July 1, 1996 effective date for criminal offenses committed before July 1 are not entitled to be sentenced pursuant to Senate Bill 2. State v. Cox (Apr. 28, 1997), Warren App. No. CA96-07-069, unreported.
Furthermore, in State v. Hedgecock (May 11, 1998), Fayette App. No. CA97-08-022, unreported, this court recently rejected the same constitutional argument offered by appellant; namely, that Section 15(D), Article II of the Ohio Constitution and R.C.1.58(B) require the application of Senate Bill 2 to those individuals sentenced after July 1, 1996 for crimes committed before that date. Rather, this court found that Senate Bill 2 reflects a clear intent on the part of the legislature to apply the new sentencing provisions only to those offenses committed on or after the bill's July 1, 1996 effective date. Id. at 4, citing State v. Cox.
We accordingly conclude that the trial court did not err in failing to hold a hearing on appellant's motion nor do we find any merit to appellant's constitutional arguments. On the basis of our decisions in Hedgecock and Cox, we overrule appellant's assignments of error.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.